OPINION
On October 25, 1995, appellant, Jon Brown, suffered injuries when he fell from a hydraulic lift truck while working for Andreas Furniture Company in Sugarcreek, Ohio. At the time of his fall, appellant was not secured by any type of safety tethering device as none was provided. On March 12, 1997, appellant, together with his wife, filed a complaint against Andreas Furniture and Hyster Company alleging various claims (hereinafter "first lawsuit"). During discovery of the first lawsuit, appellants learned appellee, Quimby Material Handling, Inc., was under a contractual agreement with Andreas Furniture to perform repair work and periodic maintenance work on the lift trucks. On February 17, 1998, appellants filed a complaint against appellee (the underlying complaint sub judice). On March 22, 1999, appellee filed a motion for summary judgment claiming the complaint was untimely pursuant to R.C. 2305.10. By judgment entry filed October 25, 1999, the trial court granted said motion and dismissed the complaint. The trial court issued a nunc pro tunc judgment entry on November 17, 1999 to add the language "[t]here is no just reason for delay." Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S SUMMARY JUDGMENT MOTION ON PLAINTIFF JON BROWN'S COMPLAINT.
 II. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF LINDA BROWN'S COMPLAINT WHEN NO SUMMARY JUDGMENT MOTION WAS PENDING WITH RESPECT TO IT.
 I
Appellants claim the trial court erred in dismissing his complaint based on the finding that the statute of limitations had run and should not be extended. We disagree. The very narrow issue presented by this appeal is whether the discovery rule should be interpreted to extend the statute of limitations to the time when appellant knew or through reasonable diligence should have known the identity of the responsible party for his injury. It is undisputed appellant knew of his injury and knew he fell as a result of the failure to have a safety tethering device available on the lift truck all within the statute of limitations. Brown depo. at 20-21. Appellant argues he did not know or discover who was responsible for the failure to have the safety tethering device until after the statute of limitations had run. The trial court never delved into when appellant knew or should have known through reasonable diligence about appellee's role in the maintenance of the lift truck. Rather, the trial court specifically found the Supreme Court of Ohio's holding in Collins v. Sotka (1998), 81 Ohio St.3d 506, did not apply. Therefore, our discussion is limited to the very narrow issue of whether the Collins case applies sub judice. The issue in Collins involved the accrual of a cause of action in a wrongful death case for purposes of the statute of limitations wherein the decedent had been murdered. The Supreme Court of Ohio held the discovery rule "begins to run when the victim's survivors discover, or through the exercise of reasonable diligence should have discovered, that the defendant has been convicted and sentenced for the murder." Collins at 509-510. Appellant argues the Supreme Court of Ohio "adopted a broad interpretation of the discovery rule stating that the cause of action did not accrue until the claimant knew, or had reason to know, not only that he was injured but also the identity of the party responsible for the injury." Appellants' Brief at 8. (Emphasis sic.) Upon review, we concur with the trial court that the syllabus law of Collins limits its application to wrongful death actions. The syllabus states as follows:
 1. The discovery rule applies to toll R.C. 2125.02(D), the two-year statute of limitations for a wrongful death claim. (Shover v. Cordis Corp. [1991], 61 Ohio St.3d 213, 574 N.E.2d 457, overruled.)
 2. In a wrongful death action that stems from a murder, the statute of limitations begins to run when the victim's survivors discover, or through the exercise of reasonable diligence should have discovered, that the defendant has been convicted and sentenced for the murder.
However, the dicta of the Collins opinion requires further discussion. At 509, Justice Sweeney discusses the history of the expansion of the discovery rule as it applies to specific causes of action: In each of these cases in which we invoked the discovery rule, we found that the injury complained of did not manifest itself immediately. Therefore, rather than adhere to the rigid application of a particular statute of limitations, we liberally interpreted the time of accrual of the cause of action until the plaintiff knew, or by the exercise of reasonable diligence should have known, that he or she had been injured by the conduct of the defendant. Ault [v. Jasko (1994), 70 Ohio St.3d 114]70 Ohio St.3d at 115-116, 637 N.E.2d at 871. In the Ault case cited by Justice Sweeney, the Supreme Court of Ohio had expanded the discovery rule to child sexual abuse cases. Further, the following quote from Ault at 115-116 paraphrases the holding in O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84: The discovery rule generally provides that a cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he or she has been injured by the conduct of defendant. O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, 4 OBR 335,447 N.E.2d 727;
The lattice work of cases leads this court to find that the basic discovery rule as stated in O'Stricker at paragraph two of the syllabus is controlling for each of these expansions: When an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of defendant, for purposes of the statute of limitations contained in R.C.2305.10.
We therefore conclude the discovery rule is predicated on the "discovery of the injury" not the perpetrator of the injury. Based upon the foregoing cases, the discovery rule does not expand the statute of limitations sub judice. Upon review, we find the trial court did not err in granting summary judgment to appellee as against appellant. Assignment of Error I is denied.
 II
Appellants and appellee agree the trial court was in error when the consortium claim was dismissed otherwise than on the merits. The statute of limitations does not bar the consortium claim. Assignment of Error II is granted. The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part, reversed in part and remanded.
HOFFMAN P.J. and EDWARDS, J. CONCUR.